```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

ELITE CONCEPTS, LLC,              )
                                  )
     Plaintiff,                   )
                                  )
          v.                      )  NO.  3:10-0812
                                  )  Judge Sharp/Bryant
JAMES AND ASSOCIATES              )  Jury Demand
RESIDENTIAL DESIGNERS, LLC,       )
et al.,                           )
                                  )
     Defendants.                  )
```

## MEMORANDUM AND ORDER

Pending before the Court is plaintiff's motion to amend case management order and for additional time to respond to discovery (Docket Entry No. 24). Defendants have filed a response in opposition (Docket Entry No. 25). For the reasons stated in this memorandum, plaintiff's motion is **DENIED**.

## Statement of the Case

On August 27, 2010, plaintiff filed its complaint alleging that defendants had infringed plaintiff's copyrights to certain original residential house plans (Docket Entry No. 1). On October 15, 2010, defendants filed their answer, denying all liability (Docket Entry No. 16).

## Pertinent Procedural Facts

On December 2, 2010, the Court entered the initial case management order, previously filed jointly by the parties on November 18, 2010 (Docket Entry Nos. 20 and 21).

Pursuant to the initial case management order, the parties' Rule 26(a)(1) initial disclosures were due on December 9, 2010, thirty days following the initial case management conference (Docket Entry No. 21 at 2). Defendants apparently served their initial disclosures timely, but plaintiff did not.

During December 2010, and early January 2011, counsel for the parties exchanged emails regarding the plaintiff's delay in serving its initial disclosures. In response to an email from defense counsel, counsel for plaintiff on January 6 emailed that he has "just started working on this," and that he expected to complete plaintiff's disclosures "soon." (Docket Entry No. 25-2 at 1). Counsel for defendants continued periodically to email plaintiff's counsel seeking plaintiff's initial disclosures (Docket Entry No. 25-3 and -4).

On January 12, 2011, counsel for defendants served interrogatories, requests for production of documents and requests for admissions upon plaintiff. Although responses to this written discovery were due on or about Friday, February 11, 2011, plaintiff neither served discovery responses nor sought a timely extension of time within which to do so.

On February 17, 2011, plaintiff filed the present motion seeking a further extension of 22 additional days within which to serve its Rule 26 initial disclosures and an extension of 36 additional days within which to respond to written discovery

2

(Docket Entry No. 24). At the time of the filing of this motion, plaintiff's initial disclosures were already over 70 days overdue.

In support of its motion, plaintiff filed a lengthy declaration of its counsel, Mr. Doyle (Docket Entry No. 24-1). In this declaration, counsel describes in considerable detail several occurrences that he asserts hindered him from attending to this case, including: (1) serial self-inflicted eye injuries, first to his left eye and then to his right eye, resulting from counsel's apparent inattention; (2) travel to Bowling Green, Kentucky, to be present for the birth of his daughter's baby on December 9; (3) involvement in domestic discord between his daughter and the father of her infant, including moving his daughter and her baby from Bowling Green to Murfreesboro, Tennessee; and (4) attending to matters in other cases, some involving travel.

Defendants have filed a response in opposition (Docket Entry No. 25), in which they assert that plaintiff has failed to demonstrate good cause under Rule 16(b) for amending the scheduling order and, in particular, for granting relief from plaintiff's failure to serve timely responses to requests for admissions, which failure has caused those requests to be deemed admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure.

## **Analysis**

Rule 16 of the Federal Rules of Civil Procedure governs scheduling orders generally, and Rule 16(b)(4) provides as follows:

> (4) **Modifying a Schedule.** A schedule may be modified only for good cause and with the judge's consent.

The advisory committee note to the 1983 amendment to Rule 16(b)(4) states, in pertinent part, that "the court may modify the schedule upon a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."

The Sixth Circuit has stated that "good cause" under Rule 16(b)(4) "is measured by the movant's diligence in attempting to meet the case management order's requirements." Leary v. Daeschner, 349 F.3d 888, 906-07 (6th Cir. 2003) (internal quotation marks omitted). Moreover, "[s]cheduling-order modifications, Rule 16 says, are available 'only for good cause *and* with the judge's consent,' Fed.R.Civ.P. 16(b)(4) (emphasis added), a threshold that requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline.'" Shane v. Bunzl Distribution USA, Inc., 275 Fed. Appx. 535, 536 (6th Cir. 2003) (citing Leary, 349 F.3d at 907).

Given the foregoing legal authority, the undersigned Magistrate Judge finds that the record fails to demonstrate diligence by plaintiff's counsel satisfying the Rule 16(b) "good cause" standard. Specifically, counsel knew at least by November 9, 2010, when they filed their joint proposed initial case management order (Docket Entry No. 17) that Rule 26(a)(1) initial disclosures would be due on or before December 9, 2010. While some

4

delay in serving plaintiff's disclosures can reasonably be attributed to counsel's intervening eye injuries and the birth of his grandchild on December 9, it appears from the record that when plaintiff filed the present motion over two months later plaintiff still had served nothing in the way of Rule 26(a)(1) initial disclosures. Moreover, it appears from counsel's declaration that his eye injuries and his involvement with his daughter's move to Murfreesboro had been resolved by the end of December, before service by defendants of the written discovery at issue in this matter. Nevertheless, it appears from the record that during the month of January and early February 2011, plaintiff's counsel worked on other, unrelated legal matters and failed to attend to initial disclosures and discovery responses in this case. In fact, counsel's declaration, when read carefully, fails to contain any evidence that plaintiff's counsel did anything prior to filing this motion other than assure defense counsel that plaintiff's overdue initial disclosures and discovery responses "would soon be forthcoming." (Docket Entry No. 24-1 at 6)[1].

In summary, the undersigned Magistrate Judge, after a review of the record, finds that plaintiff has failed to demonstrate "good cause" as defined by Rule 16(b) justifying an

---

[1]Despite promises of forthcoming initial disclosures, it appears from the record that as of August 1, 2011, plaintiff still has served no initial disclosures (Docket Entry No. 29 at 2).

extension of case management order deadlines, and, therefore, that plaintiff's motion should be **DENIED.**

It is so **ORDERED.**

        s/ John S. Bryant
        JOHN S. BRYANT
        United States Magistrate Judge